UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN C. LYLES, SR.,

          Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

          Defendant.
_____/

Case No. 2:20-cv-10657

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS OPINION AND ORDER

Plaintiff John Lyles sued Defendant State Farm for breach of contract and for violating the Michigan Uniform Trade Practices Act. ECF 1. The Court set a trial date for January 25, 2023. ECF 38. At a final pretrial conference, the Court ordered the parties to submit motions in limine, if any, no later than January 18, 2023. Defendant moved in limine to exclude evidence that Plaintiff was never prosecuted for arson, ECF 41, and Plaintiff responded, ECF 47. Plaintiff moved in limine to exclude evidence of his poverty and evidence that he made material misrepresentations in his application for home insurance, ECF 42; 43, and Defendant responded, ECF 48; 49. For the following reasons, the Court will grant the motion in limine by Defendant without prejudice to its renewal and deny the motions in limine brought by Plaintiff.

## BACKGROUND

Plaintiff owned a home, and Defendant insured it. ECF 5, PgID 18–19. When a fire damaged the home, Plaintiff gave notice of the loss to Defendant. ECF 1, PgID 7. But Defendant refused to pay out on the insurance policy because it alleged that Plaintiff was complicit in the home damage or that the policy was void because Defendant made material misrepresentations in his application. ECF 5, PgID 19. Plaintiff thus sued Defendant. ECF 1, PgID 5–10. And Defendant removed the case. *Id.* at 1–4. The Court set a jury trial for January 25, 2023. ECF 38.

## LEGAL STANDARD

"[M]otion[s] in limine [are] an important tool available to a trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). And "[b]y making evidentiary rulings ahead of trial, the Court can facilitate wise preparation by the parties and prepare a smooth path for trial—particularly by casting aside inadmissible evidence that might confuse or prejudice the jury." *Dixon v. Grand Trunk W. R.R. Co.*, No. 2:13-14340, 2017 WL 5166868, at *1 (E.D. Mich. Nov. 8, 2017) (Murphy, J.) (citation omitted).

Under Federal Rule of Evidence 104(a) the Court must "decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Evidence must be relevant to be admissible. Fed. R. Evid. 402; *Old Chief v. United States*, 519 U.S. 172, 178 (1997). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence;

and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. But the Court may still "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis." *Old Chief*, 519 U.S. at 180 (quotation omitted).

## DISCUSSION

The Court will first discuss the motion in limine of Defendant, ECF 41. Then the Court will address the two motions in limine that Plaintiff filed, ECF 42; 43.

I.  Evidence of Non-Prosecution

Defendant moved in limine to exclude evidence that Plaintiff was not criminally prosecuted for arson. ECF 41. In the Sixth Circuit, "[e]vidence of non-prosecution for arson is inadmissible, whether during a party's case-in-chief, during cross-examination, or during rebuttal." *Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987). Evidence of non-prosecution is excluded because it may mislead the jury given that "not all laymen are aware of the complexities inherent in a prosecutor's deliberations concerning whether or not to seek a grand jury indictment." *Id.* at 1252. Moreover, evidence that Plaintiff was not prosecuted for arson is irrelevant because criminal and civil trials maintain different standards of proof. *Id.* at 1252–53; *see* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). The Court will thus grant the motion to preclude any evidence that Plaintiff was not prosecuted for arson. But the Court will reconsider the exclusion of

3

evidence bearing on non-prosecution if Defendant elicits direct or cross examination testimony that triggers a relevance inquiry over evidence of non-prosecution.

II. Evidence of Poverty[1]

Plaintiff moved under Rule 403 to preclude Defendant from introducing evidence that Plaintiff was impoverished. ECF 42. Plaintiff argued that "[i]n general, even relevant evidence may be excluded if the probative value is substantially outweighed by the risk of undue prejudice." *Id.* at 162 (citation omitted).

Defendant intends to introduce evidence of "[t]he value of [Plaintiff's] home, his income, and his financial status" because they "fit into the puzzle of Defendant's theory that Plaintiff obtained insurance on his home for the purpose of burning the home and gaining a profit." ECF 48, PgID 237–38. While Defendant represented that it will not argue that Plaintiff "'is impoverished' and therefore he burned his home," *id.* at 241–42, evidence that Plaintiff was impoverished is still key to Defendant's effort to raise a motive for Plaintiff's behavior and is therefore relevant and probative.

The risk of unfair prejudice to Plaintiff is low. Plaintiff argued that "[a]llowing evidence of [] Plaintiff's alleged poverty would likely evoke an emotional bias against him." ECF 42, PgID 163. But he did not argue why the jury will be biased against him if evidence of his poverty is admitted. *See id.* And it is not at all clear to the Court

---

[1] Plaintiff cited only Michigan case law in both his motions in limine. *See* ECF 42; 43. But Michigan's evidentiary rules and case law do not govern the admission of evidence in federal court. *See Legg v. Chopra,* 286 F.3d 286, 289 (6th Cir. 2002) ("[T]he Federal Rules of Evidence, rather than [S]tate evidentiary laws, are held to apply in federal diversity proceedings.") (collecting cases). The Court will thus decline to address the cases on which Plaintiff relied.

4

that evidence that Plaintiff was impoverished will create "a danger of . . . unfair prejudice" to him. Fed. R. Evid. 403. Indeed, evidence of poverty could evoke the jury's sympathies. Because the probative value of the evidence is high and the danger of unfair prejudice is low, the Court will therefore deny the motion in limine to exclude evidence of his poverty.

III.  Evidence of Material Misrepresentation

Plaintiff moved in limine to exclude evidence that his application for home insurance contained material misrepresentations. ECF 43. Plaintiff cited no federal rule of evidence in his motion in limine. *See id.* Instead, as stated above, he cited only Michigan case law, which does not govern the admission of evidence in federal court. What is more, "[r]elevant evidence is admissible" unless it is barred by applicable federal law or federal rules. Fed. R. Evid. 402. Defendant claimed that it intends to "elicit evidence regarding the condition of the home and the status of the utilities at the time of the fire . . . for the purpose of establishing and illustrating motive and to prove intentional concealments and misrepresentations of material facts about the insurance." ECF 49, PgID 245. Evidence of material misrepresentations by Plaintiff, if any, is thus relevant to that defense. Plaintiff provided no reason why the Court should exclude relevant evidence, *see* ECF 43, and research by the Court did not reveal any reason to exclude the evidence proffered. Plaintiff also provided no reason why evidence of his material misrepresentations, if any, would unfairly prejudice the jury against him. The Court will thus deny the motion in limine to exclude evidence that the application for home insurance contained material misrepresentations.

5

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion in limine to exclude evidence of non-prosecution [41] is **GRANTED** without prejudice to renewal at trial.

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine to exclude evidence of his poverty [42] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine to exclude evidence that his application for home insurance contained material misrepresentations [43] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 23, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 23, 2023, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager